**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| COUTINHO & FERROSTAAL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-12-991 |
| | § | |
| STX PAN OCEAN CO. LTD., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Coutinho & Ferrostaal, Inc. ("Ferrostaal") sued STX Pan Ocean Co. ("STX"), alleging that a cargo of steel coils was damaged on the *M/V AGIA* during shipment from China to Houston, Texas.  (Docket Entry No. 1).  STX moved to dismiss under Federal Rule of Civil Procedure 12(b)(3) based on the forum-selection clauses in bills of lading.  The clause in each bill of lading stated that "[a]ny dispute arising under this Bill of Lading shall be decided in the country where the Carrier has his principal place of business," under the law of that country.  STX asserts that the chosen forum is only in South Korea.

Ferrostaal opposed the motion on several grounds, including that the forum-selection clause does not apply and that STX is judicially estopped from arguing otherwise.  (Docket Entry No. 12).  STX replied, (Docket Entry No. 15), and Ferrostaal surreplied, (Docket Entry No. 16).  This court heard oral argument on the motion to dismiss.  (Docket Entry No. 19).

Based on the pleadings, the motion and responsive briefing, the arguments of counsel, and the relevant law, this court grants the motion to dismiss.  An order of dismissal is separately entered. The reasons for this ruling are explained below.

## I.      Background

STX time-chartered the *M/V AGIA* to carry the cargo at issue from China to Houston. (Docket Entry No. 1, ¶ 8).  Under the time charter, STX assumed the duty to provide the necessary dunnage, lashing material, and shifting boards, as well as to load and stow the cargo.  (Docket Entry No. 12, Ex. A, Time Charter, at 2–3, ll. 63, 115–16).  Ferrostaal alleges that its cargo was delivered in good condition, but was damaged when the *M/V AGIA* arrived in Houston.  (Docket Entry No. 1, ¶ 9).  Ferrostaal's surveyor concluded that the cause was poor stowage and poorly positioned wooden dunnage.  Ferrostaal sued STX for negligence, claiming that STX breached its duties to Ferrostaal, a foreseeable plaintiff, by failing properly to load and stow the cargo and failing properly to position the wooden dunnage.  (*Id.*, ¶¶ 13–14).  Ferrostaal seeks $118,635.29 for the cargo damage.  (*Id.*, ¶ 15).  Ferrostaal explicitly denied that it is suing under the bills of lading.  (Docket Entry No. 12, ¶ 8).

The analysis of the motion to dismiss based on the forum-selection clause is made more complicated because of a prior suit STX filed in the Southern District of Texas based on the same voyage of the *M/V AGIA*.  In January 2011, STX sued a cargo owner and its insured for declaratory and injunctive relief.  The defendants moved to dismiss based on the same forum-selection clause at issue here, as well as on limitations.  The federal court dismissed the prior STX suit based on limitations and did not rule on venue.  In the present suit, Ferrostaal argues that STX is judicially estopped from relying on the forum-selection clause.  Ferrostaal also argues that the clause does not apply because Ferrostaal is not in privity with STX, and because Ferrostaal is asserting tort claims, not contract claims, against STX.  (Docket Entry No. 12, ¶¶ 9–10, 14–27).

Each issue is addressed below.

2

## II.      The Legal Standard

Rule 12(b) (3), which establishes a defense of improper venue, may be used to seek dismissal based on a forum-selection clause.   *See* FED. R. CIV. P. 12(b)(3); *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005); *see also In re Atl. Marine Constr. Co.*, 701 F.3d 736, 740 (5th Cir. 2012) ("When a forum-selection clause designates an arbitral, foreign, or state court forum, a district court does not have the option of transferring the case to the designated forum . . . . Because dismissal is the only available option for the district court in those cases, dismissal is the proper remedy."); *Noble Drilling Servs., Inc. v. Certex USA, Inc.*, 620 F.3d 469, 472 n.3 (5th Cir. 2010) (noting that the Fifth Circuit "has not previously definitively decided whether Rule 12(b)(1) or Rule 12(b)(3) is the proper rule for motions to dismiss based on an arbitration or forum-selection clause" but declining to address the issue because, as here, the parties did not address it).   Once a defendant files a Rule 12(b)(3) motion challenging venue, the burden of sustaining venue lies with the plaintiff.  *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994).   The court must accept undisputed facts in a plaintiff's pleadings as true and resolve factual conflicts in the plaintiff's favor.   *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001); *see also Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 237–38 (5th Cir. 2009).   A defendant, however, is not required to disprove all bases for the plaintiff's venue selection.   *Psarros v. Avior Shipping, Inc.*, 192 F. Supp. 2d 751, 753 (S.D. Tex. 2002).

Federal rather than state law determines the enforceability of a forum-selection clause. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008). "Under federal law, forum-selection clauses are presumed enforceable, and the party resisting enforcement bears a 'heavy burden of proof.'"   *Id.* (citing *Haynsworth v. The Corp.*, 121 F.3d 956,

963 (5th Cir. 1997)); *see also Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 301 (5th Cir. 1998);

*Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997). A forum-selection clause

may be found unreasonable when the movant demonstrates: (1) that it is the product of fraud or

overreaching; (2) that it violates a strong public policy of the forum; (3) that enforcement of the

clause effectively deprives the plaintiff of his day in court; or (4) that the fundamental unfairness

of the chosen law will deprive the plaintiff of a remedy. *Haynsworth*, 121 F.3d at 963 (citing

*Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)). Ferrostaal does not challenge the

forum-selection clause as unreasonable, but instead argues that the clause does not apply to the

claims and parties in this case.

## II.    Analysis

### A.    Background

The bills of lading at issue were attached to the declaration of T.J. Kim, general claims

manager of STX and formerly part of the legal affairs "team"of the STX Pan Ocean Insurance and

Law Department. The bills are numbered POBUDLCHOU080831, 36, and 37. (Docket Entry No.

1, ¶ 8; Docket Entry No. 11, Ex. C to Ex. 1, Declaration of T.J. Kim, Bills of Lading).[1] Clause 1 of

the bills of lading states:

> 1. (Definition) : In this Bill of Lading the "ship" and the "vessel" means the herein
> designated ocean vessels: the owner of the goods includes the shipper, the consignee,
> the owner of the goods, the receiver, and the endorsee and/or holder of the Bill of
> Lading whether by way of security and/or as agent or otherwise: and the
> "Carrier"means the owner or demise charterer of the vessel. Wherever the term
> "Merchant" is used in this Bill of Lading it shall be deemed to included the shipper,

---

[1] Ferrostaal objected to the Kim Declaration. (Docket Entry No. 12, ¶¶ 28–31). STX attached to its response an amended declaration. (Docket Entry No. 15, Ex. 2). The amended declaration sufficiently addresses the asserted deficiencies. Ferrostaal raised no objection to the amended declaration in its surreply. The objections, to the extent they are not moot, are overruled.

the receiver, the consignee, the holder of the Bll of Lading and the owner of the
goods.

(Docket Entry No. 11, Ex. D to Ex. 1, Bill of Lading Terms, ¶ 1),

STX, a Korean company, time-chartered the vessel from Shipping-Land Co., also a Korean
corporation.  The registered owner of the vessel was KDB Capital Corp., also a Korean corporation.
All three entities had their principal places of business in Korea.  (Docket Entry No. 11, Ex. 1, Kim
Decl., ¶¶ 2–4).  The last two entities are clearly "carriers" as defined in the bills of lading.

The forum-selection clause states that "[a]ny dispute arising under this Bill of Lading shall
be decided in the country where the Carrier has his principal place of business . . . ."  (Docket Entry
No. 11, Ex. D to Ex. 1, ¶ 32).  When the mandatory term "shall" is coupled with language granting
jurisdiction in one forum without the possibility of jurisdiction in another forum, the forum-selection
clause is mandatory, not permissive.  *Baosteel Am., Inc. v. M/V OCEAN LORD*, 257 F. Supp. 2d
687, 690 (S.D.N.Y. 2003); *see also Breakbulk Transp., Inc. v. M/V RENATA*, 2008 WL 1883790,
at *2 (S.D. Tex. Apr. 25, 2008) (ruling that a clause with similar language was mandatory and
exclusive); *Foster Wheeler Energy Corp. v. M/V AN NING JIANG*, 2002 WL 31729495, at *1 (E.D.
La. Dec. 3, 2002) ("The clause states that any dispute '*shall* be decided *in the country* where the
carrier has his principal place of business.'  The statement couldn't be clearer and leaves no room
for argument that venue is proper anywhere other than Guangzhou, China — COSCO Guangzhou's
undisputed principal place of business."); *Noble Drilling, Inc. v. M/V OSC Vlistdiep Feederlines
B.V.*, 2011 WL 1399243, at *7 (E.D. La. Apr. 12, 2011).

**B.      Whether Judicial Estoppel Prevents STX from Asserting the Forum-Selection
          Clause**

The judicial-estoppel argument is based on the 2011 lawsuit STX filed in the Southern

District of Texas based on the same voyage at issue in the present lawsuit. *STX Pan Ocean Co. v. Thyssenkrupp Materials NA et al.*, Civ. A. No. 11-208.   On January 14, 2011, STX sued Thyssenkrupp and Gothaer Allgemeine ("Gothaer").   Gothaer was Thyssenkrupp's marine-cargo insurer and Thyssenkrupp was the cargo owner.   Those parties had sued STX in China for cargo damage in the voyage.   STX sought a declaratory judgment in the Southern District of Texas that it was either not liable to Thyssenkrupp or Gothaer or that its liability was limited, and an injunction preventing Thyssen and Gothaer from pursuing the lawsuit in China, "in breach of the forum selection clause set forth in . . . bills of lading and in the interest of justice . . . ."  (Civ. A. No. 11-208, Docket Entry No. 1, at 7).  The STX bills of lading required venue of "all disputes" in Korea and also required application of the Carriage of Goods by Sea Act ("COGSA").  (*Id.* at 5).  STX alleged in the prior suit that "[v]enue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the dispute between Plaintiff and the Defendant occurred in this district aboard the *M/V AGIA* . . . ." (*Id.*)

In the 2011 suit, Thyssen and Gothaer moved to dismiss, arguing that the forum-selection clause stripped the Texas court of subject-matter jurisdiction and that STX's claims were barred by COGSA's one-year limitations period. (Civ. A. No. 11-208, Docket Entry No. 5, at 5).  In response, STX pointed out that the federal court had subject-matter jurisdiction under 28 U.S.C. § 1333, even if a forum-selection clause made venue improper in that court.  Alternatively, STX argued that the forum-selection clause did not necessarily apply:

> Thyssen and Gothaer gratuitously and mistakenly assume that the forum selection clause in the bills of lading, which are the contracts of carriage for the steel coils are relevant. (*See* Ex. 2.) The bills of lading exclude STX Pan Ocean as a time charterer of the vessel from the term "carrier" in the definition section. *Id.* And Clause 31,

the forum selection clause, only applies to the "carrier."  *Id.*

(*Id.*, Docket Entry No. 7, at 4).   The judge denied the motion to dismiss in a brief order that simply stated: "The motion to dismiss of ThyssenKrupp Materials NA, Inc., and Gothaer Allgemeine Verischerung AG is denied."  (*Id.*, Docket Entry No. 17, at 1).

In the present case, Ferrostaal asserts that STX's prior suit and the statement in the complaint that venue was proper in this district are inconsistent with its position in this case that the forum-selection clause makes venue proper only in Korea.  It is not clear that STX is taking inconsistent positions.  In the prior case, STX argued that the district court had subject-matter jurisdiction under 28 U.S.C. § 1333 and that venue was proper under 28 U.S.C. § 1391.  Ferrostaal asserts that STX admitted that jurisdiction and venue are proper in this court and cannot now change its mind.  But what STX admitted was that jurisdiction and venue were statutorily proper in Texas.  That does not address the effect of the forum-selection clause.  Fifth Circuit precedent supports STX's position. In *In re Atlantic Marine Construction Co.*, 701 F.3d 736 (5th Cir. 2012), the Fifth Circuit, on a similar issue, recently clarified that "proper" venue under § 1391 and "proper" venue under a forum-selection clause are two different issues.  "Section 1391 governs whether venue is proper in a given federal district.  Rule 12(b)(3) and § 1406(a) provide for dismissal or transfer of an action that has been brought in an improper venue."  *Id.* at 739.

In addition, the Fifth Circuit has "expressed reluctance to apply judicial estoppel in situations where a party's alleged change of position is 'merely implied rather than clear and express.'"  *In re Oparaji*, 698 F.3d 231, 237 (5th Cir. 2012) (citing *In re Condere Corp.*, 226 F.3d 642, 2000 WL 1029098, at *3 (5th Cir. 2000) ("This circuit has never held that judicial estoppel is appropriate when a party's change of position is merely implied rather than clear and express.")); *see also*

7

*Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 802–03 (1999) (refusing to apply judicial estoppel to a litigant who both applied for social-security benefits and filed an ADA claim because the alleged inconsistency was not conflicting factual statements, but rather "context-dependent legal conclusion[s]" that often "comfortably exist side by side" despite apparent conflict). *But cf. In re Rankin*, 141 B.R. 315, 322 (W.D. Tex. 1992) (applying judicial estoppel where a party's factual assertions were "fundamentally inconsistent" and the court relied on the earlier representation as the basis for an order).

Ferrostaal also argues that the judge's dismissal order explicitly or implicitly "accepted" STX's position that venue was proper in Texas, because it assumed subject-matter jurisdiction, which, according to Ferrostaal, meant that it assumed proper venue in Texas. (Docket Entry No. 16, at 5–6). The prior dismissal order, however, says nothing about whether venue is proper in Texas or whether the court could have subject-matter jurisdiction even if the suit was filed in the wrong venue or after limitations ended. *See, e.g.*, *In re Atl. Marine*, 701 F.3d at 738 & n.1 (deciding whether dismissal or transfer of a suit brought in violation of a forum-selection clause was appropriate, while noting that "[t]he district court had diversity jurisdiction" under 28 U.S.C. § 1332; *see also Meshell v. Schindler Elevator Corp.*, 2012 WL 2369345, at *1 (W.D. La. June 21, 2012) ("[T]he question of whether to dismiss on the basis of a forum selection clause is one that is not based on lack of subject matter jurisdiction. There is a clear distinction between subject matter jurisdiction and venue." (citing *GP Plastics Corp. v. Interboro Packaging Corp.*, 108 F. App'x 832 n.2 (5th Cir. 2004)).

Judicial estoppel is not a proper basis to deny the motion to dismiss.

**C.    Whether the Forum-Selection Clause Applies to STX**

Ferrostaal argues that although courts enforce forum-selection clauses between contracting parties, the bills of lading do not form a contract between Ferrostaal and STX because they define the "carrier" as "the owner or demise charterer of the vessel," and STX is neither the owner nor the demise charterer.  But STX does not argue that it is in contractual privity with Ferrostaal.  Rather, STX relies on the Himalaya Clauses stating that "[i]f an action for loss or damage to the goods is brought against a servant, agent or independent contractor, such person shall be entitled to avail himself of the defenses and limits of liability which the Carrier is entitled to invoke under this contract."  (Docket Entry No. 11, Ex. D to Ex. 1, ¶ 26).

A Himalaya Clause is an exculpatory provision that extends to noncarriers the protections available to the carrier under the governing statute and contract of carriage.  *E.g.*, *Asoma Corp. v. SK Shipping Co.*, 467 F.3d 817, 827 n.8 (2d Cir. 2006) (citing *Am. Home Assurance Co. v. Hapag Lloyd Container Linie GmbH*, 446 F.3d 313, 317–18 (2d Cir. 2006); 1 Thomas J. Schoenbaum, Admiralty and Maritime Law § 10-8 (3d ed. 2001)).  Himalaya Clauses in bills of lading extend the protections of the bills of lading to the agents, servants, and independent contractors of the carrier.  *See, e.g.*, *Croft & Scully Co. v. M/V SKULPTOR VUCHETICH*, 664 F.2d 1277, 1279 n.6, 1282 (5th Cir. 1982); *Brown & Root, Inc. v. M/V PEISANDER*, 648 F.2d 415, 423 n.19, 425 (5th Cir. 1981).  Himalaya Clauses with expansive contract language must be interpreted broadly.  *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 31–32 (2004).  A reference to a "servant, agent or other person" of the carrier includes an entity whose services contributed to performing the carriage contract.  *See, e.g.*, *Interflow (Tank Container Sys.) Ltd. v. Burlington N. Santa Fe Ry. Co.*, 2005 WL 3234360, at *10 (S.D. Tex. Nov. 29, 2005); *Acciai Speciali Terni USA, Inc. v. M/V BERANE*, 181 F. Supp. 2d 458, 464 (D. Md. 2002).

9

As an intermediary charterer, STX was acting as an agent, independent contractor, or servant for the "carrier" as defined under the bills of lading. Under the charter party, STX had the authority to bind the "carrier" to the terms and conditions of the bills of lading. (*See* Docket Entry No. 12, Ex. A, Time Charter, at 17, cl. 66). STX is a servant, agent, or independent contractor for purposes of the Himalaya Clause.

Contractual privity is not required to extend a bill of lading's protections under a Himalaya Clause. Instead, courts focus on the "nature of the services performed compared to the carrier's responsibility under the carriage contract." *Akiyama Corp. v. M.V. HANJIN MARSEILLES*, 162 F.3d 571, 573 (9th Cir. 1998). "The Clause will be extended where it was 'reasonable for the parties to expect that [a party] would benefit from the forum selection clause to the same extent as the carrier.'" *Chisso Am., Inc. v. M/V HANJIN OSAKA*, 307 F. Supp. 2d 621, 625 (D.N.J. 2003) (quoting *CBJ, Inc. v. M/V HANJIN HONG KONG*, 2000 WL 33258660, at *2 (D.N.J. Sept. 22, 2000)). The description of STX's alleged duties to Ferrostaal in its opposition to the motion to dismiss makes it reasonable for the parties to expect that STX would benefit from the bills of lading, including the forum-selection clause, to the same extent as the vessel owner or carrier. (*See* Docket Entry No. 12, at 3–4).

Under the bills of lading, STX does not have to be a carrier to enforce the forum-selection clause. The broad language governs all disputes arising out of the bills of lading. Several courts have ruled that similar forum-selection clauses are enforceable by a party that is not the carrier and is not a party to the bill of lading. *See, e.g.*, *STX Pan Ocean Co. v. Coutinho & Ferrostaal, Inc.*, 2011 WL 1982956, at *5 (E.D. La. May 20, 2011) ("STX contends that it is not the carrier under the bills of lading because it is not the vessel owner. The forum selection clause applies to all

disputes arising under the bills of lading."); s*ee also Bison Pulp & Paper Ltd. v. Pergamos*, 1995 WL 880775, at *14 (S.D.N.Y. Nov. 29, 1995); *Ormet Primary Aluminum Corp. v. M/V FU AN CHENG*, 681 F. Supp. 2d 737, 739–40 (E.D. La. 2009); *Thyssen, Inc. v. M/V Alpha Jupiter*, 1997 WL 882595, at *7 (S.D.N.Y. Aug. 15, 1997). Ferrostaal cites *Psarros v. Avior Shipping, Inc.*, 192 F. Supp.2d 751, 752 (S.D. Tex. 2002), for the proposition that a forum-selection clause in a bill of lading could not be enforced against a crew member suing for personal injuries. (Docket Entry No. 16, ¶¶ 25–26). The present case, involving cargo damage that the cargo owner seeks to recover from a time charter, is readily distinguishable from a case involving personal-injury damages sought from a shipping company and ship owner by an injured crew member.

The forum-selection clause applies and may be enforced by STX.

### D. Whether the Forum-Selection Clause Applies to Ferrostaal's Claims

Ferrostaal is suing STX in tort and did not raise a contract claim. (Docket Entry No. 12, ¶¶ 17–18 (citing *Asoma Corp. v. M/V Kubbar*, 1997 WL 834549, at *1 (S.D Tex. Sept. 17, 1997))). Ferrostaal argues that the clause at issue does not apply to the tort claims it asserted. The forum-selection clause in the bills of lading is broad, applying to "any dispute arising under" the bills of lading. (Docket Entry No. 11, Ex. D to Ex. 1, ¶ 32). The bills of lading also broadly provide that "[t]he defenses and limit of liability . . . apply in any action against the Carrier for loss or damage to the goods whether the action be founded in contract or in tort." (*Id.*, ¶ 25). The forum selection-clause applies to Ferrostaal's claims against STX despite their characterization as tort rather than contract claims. *See Bison Pulp*, 1995 WL 880775, at *15 (citing *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 3-4 (1972)); *Ormet*, 681 F. Supp. 2d at 740; *Thyssen*, 1997 WL 882595, at *8 ("[A] valid forum selection clause cannot be avoided by asserting that the cargo damage claims based on . . . tort

arise outside of the bill of lading contract.").

In sum, the forum-selection clause is valid, enforceable, and applicable.  STX is entitled to dismissal based on the forum-selection clause.

### E.     Whether to Condition Dismissal on a Waiver of Any Limitations Defense

At the February 14, 2013 hearing, Ferrostaal argued that if this court were inclined to grant STX's motion, the dismissal order should be conditioned on tolling any applicable statue of limitations that could bar suit in Korea.  Ferrostaal was concerned that the limitations period may have run and that STX would raise that argument in a Korean court.  This court invited the parties to provide supplemental authority.  (Docket Entry No. 19).

The authorities the parties submitted lead this court to conclude that it would be inappropriate to include in the dismissal order language tolling limitations or to condition dismissal on STX not asserting that defense in another forum.  *See, e.g.*, *Kiswire Trading Inc. v. M/V HOEGH MERCHANT*, 2002 WL 1058252, at *2 (N.D. Cal. May 8, 2002) (ruling that conditional dismissal was  improper because plaintiffs, not defendants, should bear any penalty for noncompliance with the forum selection clause); *N.Y. Marine & Gen. Ins. Co. v. M/V ADMIRALENGRACHT*, 1999 WL 253628, at *3 (S.D.N.Y. Apr. 28, 1999) (denying a plaintiff's request that dismissal be contingent on waiver of statute of limitations in foreign forum because "[t]he defendants should not be compelled to choose between being forced to litigate this case in . . . a forum to which they did not agree, or litigating in Amsterdam and giving up their statute of limitations defense"); *Asoma Corp. v. M/V SOUTHGATE*, 1999 WL 1115190, *4 (S.D.N.Y. Dec. 7, 1999) (ruling that a carrier was not required to waive the statute of limitations, even though enforcing the Korean forum-selection clause would make the suit time-barred in Korea).

During the hearing, Ferrostaal argued that tolling or dismissal conditioned on waiver was appropriate because STX had filed the *Thyssen* suit discussed above in the Southern District of Texas. (Docket Entry No. 19). There is no basis to find that STX waived its arguments on venue by filing the *Thyssen* case here. Ferrostaal also argues that none of the cases STX cites on tolling are from the Fifth Circuit. That is true, but the cases cited are nonetheless persuasive. Ferrostaal cited statutes that expressly allow for tolling after dismissal, such as 28 U.S.C. § 1367(d) (allowing for 30 days of tolling after dismissal) and § 16.064 of the Texas Civil Practice and Remedies Code (allowing for 60 days of tolling after dismissal), but these statutes apply to dismissal for reasons unrelated to enforcing a forum-selection clause and do not justify tolling here.

This court grants the motion to dismiss without conditions or comment on any statute of limitations defense that may apply.

## IV.    Conclusion

The motion to dismiss is granted because of the parties' valid and enforceable forum-selection clause. An order of dismissal is separately entered.

SIGNED on April 8, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge